UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KERRI GOMEZ

Plaintiff,

vs.

GROVE PLACE SURGERY CENTER, L.L.C.

Defendant.
_____/

COMPLAINT

The Plaintiff, Kerri Gomez, sues the Defendant, Grove Place Surgery Center, L.L.C., and alleges:

NATURE OF ACTION

1. This is an action against the Defendant for willfully violating Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act (FCRA) (Florida Statutes, §760.10), as amended, by unlawfully discriminating against the Plaintiff on the basis of sex (pregnancy), the race of Plaintiff's husband, and retaliating against the Plaintiff for engaging in protected activity.

JURISDICTION

2. This Court has jurisdiction of this action by virtue of 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper within this district pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

5. Plaintiff Kerri Gomez is a white female, married to a Hispanic man, and was pregnant at all times material to this action.

6. The Defendant, Grove Place Surgery Center, LLC, was Plaintiff's employer in Indian River County, Florida, during the incidents that gave rise to this action.

## COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

7. Plaintiff has timely complied with all administrative prerequisites prior to filing this action.

8. Specifically, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission (E.E.O.C.), Charge No. 510-2013004648, on or about  July 29, 2013. (Exhibit A).

9. This charge was "dually filed" pursuant to the workshare agreement between the E.E.O.C. and the Florida Commission on Human Relations, as '[p]ursuant to EEOC regulation 29 C.F.R. §1626.10(c), the filing of a charge with one agency is deemed to be a filing with both the state agency and the E.E.O.C." Cox v. Sears Roebuck and Co., 8 Fla.Law.W.Fed.D 113 M.D. Fla. 1994), affirmed, 69 F.3d 550 (11th Cir. 1995).

10. The E.E.O.C. issued Plaintiff a Notice of Right to Sue letter dated June 2, 1014 , which Plaintiff received on or around June 6, 2014 (Exhibit B).

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff was employed by the Defendant as a Medical Coder from on or about January 22, 2012  to on or about April 1, 2013.

12. At all times material, Defendant employed 20 or more individuals.

13. Throughout her period of employment by Defendant, Plaintiff consistently performed her job duties satisfactorily or better.

14. Plaintiff, is a white female, and her husband is a Hispanice male of Mexican descent.

15. Plaintiff was forced to endure ongoing derogatory comments by her co-workers and managers that were discriminatory against individuals who are Hispanic and/or of Mexican descent.

16. Plaintiff was repeatedly excluded from social activities in the workplace, including but not limited to get-togethers and gift exchanges during the holidays, was shunned by her coworkers and supervisors and generally made to feel isolated in an office where she was constantly surrounded by he coworkers and managers.

17. On or about March 7, 2013, Plaintiff informed management she was pregnant.

18. Almost immediately after informing Defendant she was pregnant, Plaintiff was subjected to derogatory comments from management regarding her pregnancy.

19. Plaintiff's supervisor accused the Plaintiff of "having a lot of problems" and being "always sick", directly referring to Plaintiff's pregnancy.

20. Management stood by and did nothing when a coworker of Plaintiff's accused Plaintiff of not really being pregnant, saying to Plaintiff "I think you're just fat".

21. Shortly after learning Plaintiff was pregnant, the Defendant assigned additional job duties to Plaintiff, duties which were already covered by another employee. When Plaintiff asked why she was being assigned the additional duties when those duties were already covered, Plaintiff"'s supervisor said "Whatever, just leave", instructing Plaintiff to leave work then.

22. Less than on month after reporting her pregnancy to the Defendant, Plaintiff's employment was summarily terminated by the Defendant.

23. Shortly before she was terminated by the Defendant, Plaintiff had complained to management about ongoing harassment from the coworker who stated to Plaintiff she was "just fat".

24. Defendant's responded to Plaintiff's complaints about harassment from her coworker by subjecting Plaintiff to disciplinary action and terminating Plaintiff's employment.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## RACE-BASED DISCRIMINATION

25. Plaintiff realleges paragraphs 1-25.

26. Defendant subjected Plaintiff to much less favorable terms and conditions of employment than employees who were and are otherwise similarly situated to the Plaintiff but not married to a Hispanic individual as Plaintiff was.

27. The Defendant willfully discriminated against the Plaintiff in the terms and conditions of employment on the basis of the Plaintiff's husband's race, in violation of Title VII of the Civil Rights Act of 1964.

28. The Plaintiff has suffered damages as a result of the Defendant's discrimination in violation of Title VII of the Civil Rights Act of 1964, including but not limited to lost income, lost benefits, mental pain and anguish and lost opportunities for advancement          .

WHEREFORE, Plaintiff demands judgment against Defendant for her past lost earnings and fringe benefits, future lost earnings and fringe benefits, and damages for the value of her lost

earning capacity so that she can be made whole, punitive damages, her reasonable attorney's fees and costs, and any other relief the Court deems just and proper.

COUNT II
VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
SEX-BASED DISCRIMINATION - PREGNANCY

29. Plaintiff realleges paragraphs 1-28.

30. Defendant subjected Plaintiff to much less favorable terms and conditions of employment than non-pregnant employees who were and are otherwise similarly situated to the Plaintiff.

31. The Defendant willfully discriminated against the Plaintiff in the terms and conditions of employment on the basis of the Plaintiff's sex, as a pregnant female, in violation of Title VII of the Civil Rights Act of 1964.

32. The Plaintiff has suffered damages as a result of the Defendant's discrimination in violation of Title VII of the Civil Rights Act of 1964, including but not limited to lost income, lost benefits, lost opportunities for advancement, and mental pain and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant for her past lost earnings and fringe benefits, future lost earnings and fringe benefits, and damages for the value of her lost earning capacity so that she can be made whole, punitive damages, her reasonable attorney's fees and costs, and any other relief the Court deems just and proper.

COUNT III
VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
RETALIATION

33. Plaintiff realleges paragraphs 1-32.

34. The Plaintiff engaged in protected activity when she complained to the Defendant about being harassed by her coworker regarding Plaintiff's pregnancy.

35. The Defendant willfully retaliated against the Plaintiff after she engaged in protected activity by summarily terminating Plaintiff's employment.

36. The Defendant further retaliated against the Plaintiff by making negative statements about Plaintiff to a potential employer of Plaintiff, causing the potential employer not to employ Plaintiff.

37. The Plaintiff suffered damages as a result of the Defendant's retaliation in violation of Title VII of the Civil Rights Act of 1964, including but not limited to lost income, lost benefits, lost opportunities for advancement, mental pain and anguish and lost employment opportunities.

WHEREFORE, Plaintiff demands judgment against Defendant for her past lost earnings and fringe benefits, future lost earnings and fringe benefits, and damages for the value of her lost earning capacity so that she can be made whole, punitive damages, her reasonable attorney's fees and costs, and any other relief the Court deems just and proper.

## COUNT IV
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT (FCRA)

37. Plaintiff realleges paragraphs 1-37.

38. Defendant discriminated against Plaintiff on the basis of sex - pregnancy, and national origin, and retaliated against the Plaintiff in violation of the Florida Civil Rights Act (FCRA), Florida Statute §760.10.

39. Plaintiff suffered damages caused by the Defendant's violation of FCRA, including but not limited to lost income, lost benefits, lost opportunities for career advancement, mental pan and anguish and lost employment opportunities.

WHEREFORE, Plaintiff demands judgment against Defendant or her past lost earnings and fringe benefits, future lost earnings and fringe benefits, punitive damages, and damages for the value of her lost earning capacity so that she can be made whole, as well as her reasonable attorney's fees and costs, and any other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 29th day of August 2014.

Respectfully submitted,

/s/ Peggy Underbrink
Florida Bar No. 599107
PO Box 24313
Santa Fe NM
Tel. 888-811-0391
Fax 888-898-3840
peggyunderbrinklaw@mac.com